## ANN T. WOOTEN *v.* MOBILE & OHIO RAILROAD COMPANY.

1. RAILROADS. *Boarding moving train. Negligence. General rule. Exceptions.*

   The general rule, that, to board a moving train is negligence as a matter of law and will bar an action for resulting damages, is wise, but it has its exceptions.

2. SAME. *Facts. Peremptory instruction.*

   Where a railroad company, not having excursion tickets on sale at a station, sent such a ticket for an expected passenger by the train on which he was expected to there embark, and the ticket had to be signed by the passenger to give it validity, and sufficient time was not afforded him to sign it and get aboard before the train started, and the passenger, in an effort to get on, while the train was slowly moving, was struck by a baggage truck, left quite near the track, and killed, the negligence of the passenger did not entitle the railroad company to a peremptory instruction in its favor when sued for his death.

FROM the circuit court of Noxubee county.

HON. GUION Q. HALL, Judge.

Mrs. Wooten, appellant, was the plaintiff in the court below; the railroad company, appellee, was defendant there. The suit was for the alleged wrongful death of plaintiff's husband, who was killed by the defendant's cars. From a verdict and judgment, pursuant to a peremptory instruction in defendant's favor, the plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

*Hoke Smith, H. P. Peeples* and *Rives & Brooks,* for appellant.

The court below seems to have believed that for one to board a moving train is *per se* negligence. It was formerly generally held negligence *per se,* but now that it is a question for the jury

both as to alighting from and boarding a moving train.  Buswell on Personal Injuries, 291.  "The earlier cases in many instances recognize the principle of negligence *per se* in alighting from a moving train, but modern authority to a great extent has supplanted that doctrine with broader views upon the question."  *Carr* v. *Eel River R. R. Co.*, 98 Cal., 366 ; s. c. 33 Pac., 213.  In truth in but a very few of the states is the doctrine that it is *per se* negligence to either alight from or board a moving train still fully enforced.

*Pennsylvania: Bacon* v. *Railroad Co.*, 21 Atl. Rep., 1002. Though this is opposed to the doctrine as held in *Johnson* v. *West Chester, etc., R. R. Co.*, 70 Pa. St., 357 ; *Crisse* v. *R. R. Co.*, 75 Pa. St., 83.

*Louisiana: Weeks* v. *New Orleans, etc., R. R. Co.* (40 La. Ann.), 5 So., Rep., 72.  But in the case last cited plaintiff was struck, while attempting to board a moving train, not at the station, by a train on another track for which he ought to have looked and listened.  See also *Laboy* v. *R. R. Co.*, 36 Fed. Rep., 879 ; *R. R. Co.* v. *Carter*, 34 Fed. Rep., 92.  These, too, were cases from Louisiana, and the decisions were made under the law of that state.  In some of the states, it is held not *per se* negligence, but the courts have leaned towards extreme views as to what should be held negligent under the circumstances of the various cases.

*Massachusetts: Morrell* v. *R. R. Co.*, 139 Mass., 238 ; S. C. 52 Am. Rep., 705 ; *Dawson* v. *Boston, etc., R. R. Co.*, 156 Mass., 127 ; s. c. 30 N. E. Rep., 466 ; *Harvey* v. *R. R.*, 116 Mass., 269.  In the case last cited it was held that one who attempts to board a train while in motion is so wanting in ordinary care that he cannot, in the absence of any circumstances to excuse his act, maintain his action.

*Michigan: Lake Shore* v. *Bangs*, 47 Mich., 470.  Negligence to jump from a moving train, where train ought to have stopped at station but did not.  Train moving six miles per hour or more and the jump was merely to avoid inconvenience.  But

even in Michigan see: *Cousins* v. *Lake Shore*, 96 Mich., 386 ;
s.c. 56 N. W. Rep., 14.   Held, not in all cases *per se* negli-
gence to attempt to alight from or board a moving train.   "If
one is, by the wrongful act of the carrier, placed in a position
where, under a sudden impulse to save himself from serious
inconvenience, he attempts to alight from a moving train, where
the danger is not imminent, and where persons of ordinary
care and caution would make the attempt, it is not necessarily
negligent.   In such cases it becomes a question for the jury."
Citing many authorities, among them several Michigan cases.

*New York: Solloman* v. *Manhattan R. R. Co.*, 27 A. & E.
R. R. Cases, 155 ; 103 N. Y., 437.   Deceased tried to board
elevated train after it had started and was in the act of getting
on when struck by a projection (permanent structure) from the
station platform, and was killed.   He was accustomed to take
the train at this point every day and knew all the surroundings.
Decision by three to two justices.   Even in this case the court
does not hold that it is always *per se* negligence to board a
moving train.   It says that it is generally so unless it appears
that the passenger was, by the act of defendant, put to an elec-
tion between alternative dangers, or that something was done
or said, or some direction was given the passenger by those in
charge of the train, *or some situation created, which interfered
to some extent with his free agency* and was calculated *to divert
his attention from the danger*, and create a confidence that the
attempt could be made in safety.   *Paulitsch* v. *New York, etc.,
R. R. Co.*, 26 A. & E. R. R. Cases, 162.   Belated passenger
for elevated train.   Held, contributory negligence under pecu-
liar facts.   *Hunter* v. *R. R.*, 112 N. Y., 371 ; s.c. 8 Am. St.
Rep., 752, and notes 757, 758 ; 128 N. Y., 18 ; 26 N. E. Rep.,
958.   Negligence under facts, but not always negligence *per se*
to board moving train.   *Morrison* v. *R. R. Co.*, 56 N. Y., 302.
Father attempted to alight from moving train with 12 year old
child in arms.   Even in this case, two justices dissented.   But
see : *Distler* v. *Long Island R. R. Co.*, 45 N. E. Rep., 936 ;

151 N. Y., 424. Not *per se* negligence under all circumstances to board moving train. Citing and distinguishing *Hunter* v. *R. R.*, *supra*, and stating that even that case recognized that it was not always negligence *per se.* Also, *McAllan* v. *Trustees*, 60 N. Y., 5, 176.

*North Carolina: Brown* v. *R. & C. R. R. Co.*, 12 S. E. Rep., 958; 108 N. C., 34. Negligence to board moving train unless plaintiff shows that he did it without manifest risk to himself, or that the train did not stop long enough for him to board it while it was stationary. In this case plaintiff loitered about the station and had had ample time to get on.

*Rhode Island: Chaffee* v. *Old Colony*, 24 Atl. Rep., 141. Negligence under facts. Deceased left train without notifying any one and loitered about. Train moving four to five miles an hour when he tried to get on.

*Virginia: R. & D. R. R. Co.* v. *Picklesheimer*, 89 Va., 389 ; 10 S. E. Rep., 44. Held, negligence to board moving car under peculiar circumstances of case. Rainy night, plaintiff encumbered with large valise and had had ample opportunity to get on.

In most of the states the question of contributory negligence is more strongly held to be for the jury.

*Alabama:* Not *per se* negligence to attempt to board moving train. *Birmingham R. R.* v. *Clay*, 19 So. Rep., 309 ; see also, 24 So., 392 ; 6 So., 696.

*Arkansas: Little Rock, etc.*, *R. R. Co.* v. *Atkins*, 46 Ark., 423.

*California: Carr* v. *Eel River R. R.*, 98 Cal., 366; 33 Pac., Rep., 213. Not *per se* negligence to jump from moving train. Question for jury. Also *Jamison* v. *R. R. Co.*, 56 Cal., 593.

*Georgia:* Not negligence *per se* to attempt to alight from moving train. Question for jury. *Covington* v. *R. R.*, 81 Ga., 273 ; *Suber* v. *R. R.*, 96 Ga., 42.

*Illinois : Chicago, etc.*, *R. R.* v. *Mumford*, 97 Ill., 560; *Chicago, etc.*, *R. R. Co.* v. *Bonnifield*, 104 Ill., 223; *Chicago,*

*etc.*, *R. R. Co.* v. *Bynum*, 153 Ill., 131; 38 N. E. Rep., 578. In the last case plaintiff, a woman, undertook to alight from a moving train while encumbered with a valise.

*Indiana: Louisville, etc., R. R. Co.* v. *Crunk*, 119 Ind., 542; 12 Am. St. Rep., 443; 21 N. E. Rep., 31. Not *per se* negligence to alight voluntarily from moving train. All circumstances to be considered. *R. R. Co.* v. *Duncan*, 28 Ind., 441; *R. R. Co.* v. *Hendricks*, 41 Ind., 48; *Penn. Co.* v. *Marion*, 123 Ind., 415; 23 N. E. Rep., 973.

*Iowa: McCorkle* v. *R. R. Co.*, 61 Iowa, 555; 18 A. & E. R. R. Cases, 156. Not always *per se* negligence to board moving train, but negligence under facts. Plaintiff jumped off freight car at night while encumbered with lantern and prod pole. And see: *Nickles* v. *R. R.*, 68 Ia., 732; *Rayburn* v. *Ry.*, 74 Ia., 621; 31 A. & E. R. R. Cases, 45. In Iowa the statute prohibits a passenger boarding or jumping from a moving train. See last case cited.

*Kansas: Warren* v. *Southern, etc., R. R.*, 31 A. & E. R. R. Cases, 10. Not always *per se* negligence to board moving train, but negligence under facts. Plaintiff attempted to jump and catch ladder on side of stock car. *Atchison, etc., R. R.* v. *Hughes*, 40 Kan., 919. All circumstances to be considered.

*Maryland: B. & O. R. R. Co.* v. *Kane*, 69 Md., 11; 9 Am. St. Rep., 367. Not *per se* negligence, irrespective of rate of speed, all the circumstances must be considered. Should not be taken from jury unless contributory negligence be established by clear and uncontradicted testimony and presents some decisive act as to character and effect of which no room is left for ordinary minds to differ. In this case, the person by whom plaintiff was told to take the train was evidently not connected with the running of the train by which injury was caused. *Cumberland V. R. Co.* v. *Mangans*, 61 Md., 53; 10 Am. & Eng. R. R. Cases, 182 and notes, pages 187, 188. Not *per se* negligence. Passenger attempted to alight with valise in right hand, weighing fifteen to twenty pounds, and basket of pro-

visions on left arm weighing eight to twelve pounds.    Recovery sustained.   *N. Y., P. & W. R. R.* v. *Colbourn*, 69 Md., 360; 9 Am. St. Rep., 430.   Not *per se* negligence to jump from train moving five miles an hour.

*Minnesota: Jones* v. *R. R.*, 42 Minn., 181; 43 N. W. Rep., 114.   Question for jury.

*Missouri: Fulks* v. *St. L., etc., R. R.*, 110 Mo., 335 ; 19 S. W., 818.   Question for jury, citing many Missouri cases with others.   *Seigert* v. *R. R.*, 75 Mo., 475; 9 Am. & Eng. R. R. Cases, 322.

*Nebraska: Union, etc., R. R. Co.* v. *Porter*, 56 N. W. Rep., 808.   Question for jury.

*Texas: Kansas, etc., R. R.* v. *Dorough*, 10 S. W. Rep., 711. Not *per se* negligence.   Question for jury.   Train running 6 to 8 miles per hour.   Plaintiff injured on it at flag station where train did not stop.   Conductor told him to jump on.   Also *R. R. Co.* v. *Murphy*, 46 Tex., 356; *T. & P. R'y Co.* v. *Mayfield*, 56 S. W. Rep., 942.   Plaintiff undertook to get on train but could not; ran along with the train, trying to get on and stumbled and fell over oil bucket left on platform.   Held, he could recover.   Defendant, negligent in starting train before he had time to enter, and in leaving oil bucket so near the train as to interfere with passengers in their efforts to board the train.   *Mills* v. *M., K. & T. Ry. Co.*, 59 S. W. Rep., 874. Not *per se* negligence.   Plaintiff attempted to board moving train while encumbered with valise.

What have been the decisions of the supreme court of Mississippi?   Suffice it to say here, that they in no sense hold it *per se* negligence for a passenger to enter or leave a moving train and fully recognize the doctrine that, save in extreme cases, the court has no right to withdraw the question from the jury.   *Davis* v. *R. R. Co.*, 69 Miss. 136, 138; *McMurtry* v. *R. R.*, 67 Miss., 601; *Dowell* v. *R. R.*, 61 Miss., 519; *M. & C. Ry* v. *Whitfield*, 44 Miss., 466; *Ala., etc., Ry* v. *Summers*, 68 Miss., 566; *Nesbitt* v. *Greenville*, 69 Miss., 30; *I. C.*

*R. R. Co.* v. *Turner*, 71 Miss., 402; *G. P. Ry. Co.* v. *West*, 66 Miss., 310; *Thompson* v. *R. R. Co.*, 72 Miss., 715.

*A. J. Russell* and *W. T. Houston*, for appellee.

1. To attempt to board a moving train is, at least, *prima facie* negligence *per se*.

2. Deceased attempted to board a moving train, which the evidence tended to show was moving slow, but not *how* "slow."

3. Appellant is barred by the contributory negligence of deceased.

(*a*) Because "slow" is an indefinite term, and so is insufficient to overcome the *prima facie* contributory negligence of deceased; to do this the evidence must tend to show the rate of speed. Evidence that is not inconsistent with a rate of speed which would, according to the Dowell case, make an attempt to board a train negligence *per se*, is insufficient to overcome the *prima facie* case.

(*b*) Because the jury should not be required to determine the meaning of the word "slow," without any evidence of its meaning. The jury should never be required to leap a chasm unbridged by evidence.

(*c*) Deceased was killed. This shows that, *prima facie*, what he attempted was dangerous. One may successfully do a dangerous thing; but, when one is killed attempting to board a moving train, it demonstrates that he undertook to do that which was superlatively hazardous for him. The court cannot assume, for the purposes of this trial, that there is other testimony which should have been introduced on the trial. The question now to be determined is whether, on this evidence, a verdict for appellant would be sustained by the law.

Again, could the Macon station agent, by contract, obligate appellee to wait over its schedule time? If so, each station agent possessed the same power; at each station a delay might be required. Thus the train's schedule might be destroyed, accidents precipitated, lives and property destroyed, to say nothing

of connections missed, to the inconvenience and detriment of the traveling public. Is it not true that the knowledge of a subordinate agent cannot directly obligate his principal further than such agent can by express contract bind the principal?

When a passenger is injured, there is no, presumption of negligence; nor, when all the facts and circumstances attending the accident are shown in the evidence, is the statute (code 1892, § 1808) applicable in any case. 60 Miss., 445; 62 Miss., 170; 66 Miss., 6, 7; 75 Miss., 248; 77 Miss., 145, 146.

But we insist that deceased was not a passenger. When the train started the railroad's invitation to board it was withdrawn. 2 Rapalje & Mack. Digest Ry. Law, 453, sec. 377, pl. 3; 8 Am. St. Rep., 563; 52 Am. & Eng. R. R. Cases, 368 *et seq.;* 56 Am. Rep., 845.

We quote from the last case, to wit: "The boarding of a moving train, whether in or beyond the station, is an improper and an indiscreet act, involving danger, and, therefore, not within any implied invitation of the railroad company, which must be regarded as withdrawn the moment the train begins to move."

The ticket of deceased was good for going passage until midnight the next day. We quote from 102 N. Y., 280 (s. c. A. & E. R. R. Cases, 165): "The ticket gave plaintiff a general right to take any train bound to her destination which stopped at that station, provided she presented herself in time and did not require its delay for her especial benefit. It gave her no right to delay the train at all. It imposed on her the duty to present herself in time or wait for a succeeding train. The purchase of a ticket gives no right to the passenger except upon the condition of presenting herself for passage before the signal is given for a start, and, if she comes after that, it is not negligence, as against her, that the train started in obedience to it.

"If the doctrine of the qualification be sound, it is a negligence, as a matter of law, to sell tickets without closing the

office long enough before the departure of the train to enable every purchaser to reach it, and it must start upon signal from the ticket officeman that such time has been given. No such rule has ever been adopted.'' See Rapalje & Mack. Dig. Ry. Law, 455, sec. 380, top 2d col.; 26 Am. & Eng. R. R. Cases, 162.

'' The deceased had a right to refuse to accept the ticket, or, having accepted it, sue for damages for the failure to take him on the train, if such failure was wrongful. 2 R. & M. Dig. Ry. Law, 467, 2d col.; 60 Miss., 319, 320; 32 Miss., 17; 59 Miss., 464; 63 Miss., 355 *et seq.*, 417 *et seq.*; 64 Miss., 744; 65 Miss., 17; 3 Am. & Eng. R. R. Cases, 429; Pat. R. R. Accident Law, 21, sec. 24.

'' The intending passenger, if the train does not stop long enough for him to embark while it is at rest, may sue for damages caused thereby. But, if not contented with that remedy, which the law gives him, or, impelled by an actual desire to carry out his preconceived purpose, he jumps upon or from the train in motion, or does any act which results in injury to him, the railway ought not to be held liable for that injury, however unfortunate or however serious, which is a result, not of the railway's failure to stop its train, but of his own rash act.'' Pat. Ry. Accident Law, 21, sec. 24.

Leaving the baggage trucks where deceased ran against them was not negligence. See 30 U. C. C. P. R., 89; 72 Ill. App., 354; 90 Ill., 586; 31 Pac. Rep., 901; 36 Fed. Rep., 68; 3 Ill. App., 225; 9 Century Dig. Col., 1341, sec. 1353*g;* 20 S. W. Rep., 198; 21 Atl. Rep., 1002; 143 Pac. St. Rep., 14; 9 Century Dig. Col., 1351, sec. 1358*c;* 9 Century Dig. Col., 1376, sec. 1369*b;* 49 N. Y., 177.

The train stopped the usual time, at the usual place, to receive passengers. Deceased failed to then board it, or ask that the train be held until he could conveniently do so, or to make known to the conductor his purpose to go on that train.

After the train had started, and was rapidly increasing its speed, the deceased, without invitation by or fault of defendant or its train crew, attempted to get on board, and was killed. He was an old man, and had only one hand unencumbered. That he was guilty of negligence which caused his death, see: 40 Miss., 384; 42 Miss., 614 and 616; 67 Miss., 601; 60 Miss., 443 and 445; 61 Miss., 531 and 422; 63 Miss., 577; 27 So. Rep., 646, (s.c. 77 Miss., 726, 727; 27 So. Rep., 998; 12 L. R. A., 429; 21 Atl. Rep., 1002; 143 Pa. St. Rep., 14; 116 Mass., 269; 21 L. R. A., 356, note; 11 N. W. Rep., 276; 56 Am. Rep., 843, note; 52 Am. & Eng. R. R. Cases, 275; 51 Am. Rep., 65 and notes; 7 Atl. Rep., 991; 19 Atl. Rep., 28; 20 S. W. Rep., 198; 18 Am. & Eng. R. R. Cases, 156; 26 Am. & Eng. R. R. Cases, 162; 28 Am. & Eng. R. R. Cases, 553; 47 Am. & Eng. R. R. Cases, 534; 3 Am. & Eng. R. R. Cases, 432, note, last section; 23 La. Ann., 462; 27 La. Ann., 53; 36 Fed. Rep., 879; 88 Ill., 87; 90 Ill., 586; 72 Ill. App., 354; 2 R. & M. Dig. Ry. Law, 315, sec. 2; 2 R. & M. Dig. Ry. Law, 453, sec. 377; 2 R. & M. Dig. Ry. Law, 454, sec. 3; 2 R. & M. Dig. Ry. Law, 455, secs. 380, 381; 2 R. & M. Dig. Ry. Law, 457, sec. 389; 3 R. & M. Dig. Ry. Law, 818, secs. 183, 184; 9 Century Dig. Col., 1341, sec. (*g*); 9 Century Dig. Col., 1361, secs. (*b*), (*c*), (*d*), (*e*), (*f*), (*g*), (*h*), (*i*), (*j*); 9 Century Dig. Col., 1373, secs. (*aa*), (*dd*), (*e*); 9 Century Dig. Col., 1375, secs. (*jj*), (*k*), (*l*), (*o*), (*r*), (*s*), (*t*); 9 Century Dig. Col., 1378, secs. (*y*), (*yy*), (*yyy*), (*z*); 5 Am. & Eng. Enc. L. (2d ed.), p. 655 *et seq.* and notes; 2 Wood's Ry. Law, 1155; 2 Wood's Ry. Law, 1130 *et seq.*, note; 2 Wood's Ry. Law, 1153 *et seq.*, note; 2 Rorer on Railroads, 1110, sec. 15; Hutchinson on Carriers, 759, sec. 641; Thompson on Carriers of Passengers, 226; Sher. & Red. Neg. (1st ed.), 319; Sher. & Red. Ned. (1st ed.), 323, sec. 283.

Argued orally by *A. J. Russell*, for appellee.

Calhoon, J., delivered the opinion of the court.

We are unable to concur in the conclusion of the court below on the law and the facts which caused it to exclude all the evidence introduced by the plaintiff and to charge the jury peremptorily to find for the defendant.

We recognize it to be the general rule, and approve of it as wise and wholesome, that to board a train in motion is negligence as matter of law so as to bar recovery for resulting damage. But this rule has its exceptions, and cases arise where the question should be left to the jury, and we think this record discloses such a case. In truth, where it is *a passenger who* attempts to get off or on a slowly moving train the instances are rare where the court should take the case from the jury, and it should only be done, in the case of a *passenger*, *where* the rashness in the act appears so that a verdict for him ought not to be sustained. No fixed and invariable rule can be announced since each case must depend on its own facts.

On the record before us there was evidence to show as follows: The defendant company had tickets for an excursion to Atlanta, Ga., but none for sale at its little station, Brooksville, and Mr. Wooten wanted to go with a part of his family on that excursion, and an arrangement was made to have tickets sent from Macon to Brooksville for his and their use, which tickets had to be signed by him before use. Accordingly the tickets were sent on the train which was to be taken by the party, and were sent in charge of the baggage-master. In order that the signature to the tickets might involve as little delay as possible, the agent at Brooksville had provided pen and ink and arm-rest just in the door of the depot. With the same object of preventing delay Mr. Wooten had a friend to see his wife, niece and granddaughter on the train. This gentleman, Mr. Calmes, testifies that he stopped at the car door, saw them enter, set down a basket of fruit, bid them good-bye and got off, and that the train then *had begun to move.* As the train came in Mr. Wooten and the station ticket agent were on the watch for

the tickets.   The baggage-master handed the package of tickets· to the station ticket agent, and Mr. Wooten instantly went into the depot door and signed the tickets as quickly as possible, . and immediately walked as fast as he could to the train which was just beginning to move.   As he went the station ticket agent called to him to "hurry up and get on the train."   He caught the railing of a car, got one foot on the step, and, as the train moved, was hurled against a baggage truck and was thrown off by this collision and fell under the cars and killed. This baggage truck had been left at the door of the baggage car within seven to nine inches of the door, and was necessarily dangerous to any embarking or disembarking passenger with the train in motion.

It is common observation that passengers, under stress of time, will get on and off of moving trains.   Say what we will as to its prudence as an abstract question, it is human nature, and it is negligence in a railroad company to have a baggage truck so near the cars, after the train begins to move; and, but for this truck, it is fair and reasonable to presume that the catastrophe would not have occurred.   But Mr. Wooten's situation was even more urgent than .that of an ordinary passenger.   He had arranged for tickets to be brought to him there. They were sent by the company.   They were useless until he signed them, which he did as soon as he could, but the train actually started before his family were comfortably seated, before they could get their basket of fruit into the car.

Under these circumstances, with his wife, niece and granddaughter on the train, it is nearly sure that ninety men out of a hundred would have attempted to get on a slowly moving train.   Such risks are certain to be taken even by the most prudent persons.   This is known by all men and all railroad companies, and there should be a clear gangway, and the jury should have been allowed, as we think, to pass on the question of negligence in this particular instance, and to them should be left the question of whether the location of the truck was seen

· by Mr. Wooten, or made any registry on his mind and memory, in the hurry he was in at the time. We refer to the briefs of counsel for the authorities pro and con.

*Reversed and remanded.*