ARTHUR BELL v. SOUTHERN RAILWAY COMPANY.

[49 South. 120.]

RAILROADS. *Passengers. Riding on platform. Truck left near track.*

Where a passenger is without fault in being upon the lower step of a railway coach he may recover from the company for injuries received by being carried in contact with a truck, negligently left too close to the track.

FROM the circuit court of Webster county.

HON. GEORGE A. MCLEAN, Judge.

Bell, the appellant, was plaintiff in the court below, and the railway company, appellee, was defendant there. From a judgment in favor of defendant the plaintiff appealed to the supreme court.

Appellant sued the railway company for injuries received through the alleged carelessness and negligence of the company.

He testified that, as he stepped upon the bottom step of the appellee's passenger coach, the train began to move and appellant's heel struck a truck standing close to the railroad track, which caused him to fall from the step, receiving the injuries in question. Appellee defended on the ground that appellant was himself guilty of negligence, and that appellee was not guilty of any wrong. The court peremptorily instructed the jury and it found in favor of the defendant.

*Dunn, Gould & McKeigney,* for appellant.

It was negligence on the part of the railroad company to permit the truck of the express company to be left so near the track of the railroad company, at its depot, as to catch the heel of a passenger on the step as the train moved out of the depot station. The fact that the train had stopped at the depot station was an invitation to passengers to board it. *Chicago, etc., R. Co. v. Chancellor,* 60 Ill. App. 525.

A carrier is bound to use extraordinary care as to the safety of its station grounds and tracks about its passenger depots. 3 Thompson, Negligence, 146. This is not a case where a man, with his foot on the ground, clutches the hand-hold or railing of the car, while trying to board a rapidly moving train. It is a case where a man who has boarded a train before it starts, and who is trying to get upon the platform of the car, is knocked from the steps of the car by having his foot caught by an obstruction negligently placed so near to the track as to be dangerous.

The fact that the express company's truck did not belong to the appellee, is immaterial here. *Mangum v. Railroad Co.,* 145 N. C. 152; *Wooten v. Railroad Company,* 79 Miss. 26, 29 South. 61.

*Catchings & Catchings,* for appellee.

The negligence alleged in the declaration and the injuries sued for must bear the relation of cause and effect. The concurrence of both, and the nexus between them must exist, to

constitute a cause of action. *Benedict v. Potts,* 40 Atl. 1068.
The peremptory instruction in favor of appellee was fully jus-
tified by the testimony. As stated by this court in the case of
*Wooten v. Railroad Company,* 79 Miss. 26, 29 South. 61, the
general rule is that to board a train in motion is negligence as a
matter of law, and sufficient to bar recovery for resulting dam-
ages. While the court recognizes exceptions to the rule, it ap-
plies the rule as stated. There can be no exception to the rule ex-
cept where an intending passenger under stress of time and un-
der some particular circumstances, attempts to get on a mov-
ing train. The testimony shows that there was no stress of
time and no particular circumstance to affect the general rule.

A passenger, attempting to board a moving train, is guilty
of negligence as a matter of law, and will be precluded from re-
covery. The testimony of appellant, Bell, shows plainly that
he was standing by the car for some minutes before it started,
and that he was in no way prevented from boarding it by any
business engagement, but that he continued to talk with his
cousin merely as a matter of personal pleasure until the engine
bell rang. He testified that he then stepped on lowest step of
the car and, before he could get upon the second and higher step,
his heel was struck by the truck. Had he boarded the train
before it began to move, he would have sustained no injury.

It is undoubtedly the duty of the railroad company to keep
its passenger depot platforms in such condition that passengers
intending to embark upon its train can easily move across the
platform to the train without danger; but a depot platform has
no other function to perform than to afford a safe means of in-
gress and egress to and from the train. If the railroad com-
pany's depot platform furnished such safe ingress and egress it
has fully discharged its duty to passengers in this respect.

FLETCHER, J., delivered the opinion of the court.

Plaintiff's testimony in this case tended to show, not that he
boarded the train while it was in motion, but that he got upon

the first step before the train started.   The train started imme-
diately, and when plaintiff raised his foot to advance to the sec-
ond step his heel was caught by an express truck, which was
standing against the railroad track so near the passing coach
as to strike plaintiff's foot.   Plaintiff was knocked from the
car steps and injured.

This being the case as made by the plaintiff's testimony, it
was error for the court to give a peremptory instruction for the
defendant railroad company.   This is not the case of a passen-
ger boarding a moving train; and it is settled law that it is neg-
ligence for a railroad company to permit a truck to stand so
near the track as to strike passengers who are in the act of tak-
ing passage on the train.   *Wooten v. Mobile, etc., R. Co.,* 79
Miss. 26, 29 South. 61.

It is hardly necessary to add that conflicts in the testimony
are for the jury, not for the court.

*Reversed* and *remanded.*