PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* FRIEND.

[No. 9,420. Filed February 8, 1918. Rehearing denied June 28. 1918. Transfer denied June 4, 1919.]

1. NEGLIGENCE.—*Pleading.—Elements.*—Elements essential to the sufficiency of a complaint based on negligence are allegations

showing the existence of a duty resting on defendant to exercise care in favor of plaintiff, and a failure on the part of defendant to discharge such duty proximately resulting in some injury or damage to plaintiff. p. 373.

2. CARRIERS.—*Railroads.—Passenger Boarding Train.—Duty of Carrier.—Complaint.—*In a passenger's action against a railroad for injuries sustained in attempting to board a train, allegations in the complaint that plaintiff purchased a ticket entitling him to take passage on a certain train, and that he went on the station platform to await its arrival with intent to become a passenger, show at least a qualified relation of passenger and carrier, which imposed on defendant the duty of using ordinary care to protect plaintiff while trying to get aboard. p. 373.

3. CARRIERS.—*Railroads.—Passenger Boarding Train.—Carrier's Breach of Duty.—Complaint.—Sufficiency.—*In a passenger's action against a railroad company for injuries sustained in attempting to board a train, allegations in the complaint that persons standing near called to the trainmen to wait until they should all get on, but that defendant's employes, in violation of their duty to plaintiff to hold the train until plaintiff could safely board it, negligently and carelessly caused the same to pull up, sufficiently showed a failure on the part of the defendant to use ordinary care to protect plaintiff. p. 373.

4. CARRIERS.—*Railroads.—Injuries to Passenger. — Action. — Complaint.—Contributory Negligence.—*In a passenger's action against a railroad company for personal injuries, complaint *held* not to show contributory negligence, although plaintiff's injuries were sustained in attempting to board a train while it was in motion. p. 374.

5. NEGLIGENCE.—*Complaint.—Sufficiency.—Contributory Negligence.* —Although an answer of general denial to a complaint based on negligence, in an action for personal injuries, tenders the issue of contributory negligence, the complaint is not required to negative it, and is demurrable only where its averment affirmatively shows contributory negligence. p. 374.

6. CARRIERS.—*Railroads.—Injuries to Passenger.—Proximate Cause. —Negligence.—Pleading.—*In an action against a railroad for personal injuries sustained by plaintiff in attempting to board a train while in motion, averments in the complaint that because of defendant's employes' negligent and careless movement of the train, in violation of their duty to hold it until plaintiff could safely board the same, the train was jerked and pulled along faster, and that plaintiff's foot was caused to slip through a broken part of a car step, alleged to have been negligently maintained in a defective condition, show a causal connection between the alleged negligence and plaintiff's injury. p. 374.

7. CARRIERS.—*Railroads.—Passengers Boarding Train.—Duty of Carrier.*—Although the stopping of a passenger train at a station is an invitation to passengers to get on, which ceases when the train starts, it must be stopped a reasonable length of time, and any one attempting to get on after it begins to move does so at his own risk, unless those in charge 'of the movement of the train have knowledge of the intent or attempt of such party to board it. p. 375.

8. CARRIERS.—*Railroads.—Passengers Boarding Train.—Duty of Carrier.*—Where a family bought their tickets and went on the station platform to await the arrival of the train, those in charge of the movement of the train were chargeable with knowledge of such facts, and owed such passengers the duty of stopping a reasonable length of time for them to get on. p. 375.

9. CARRIERS.—*Railroads.—Passenger Boarding Moving Train.—Defective Step.—Contributory Negligence.—Proximate Cause.—Questions of Fact.*—In a passenger's action against a railroad for personal injuries, *held* that the court on appeal could not say as a matter of law, under the evidence, that plaintiff, who was injured when his foot slipped through a defective car step while attempting to board a moving train with a child in his arms, was guilty of contributory negligence, or that the carrier was not guilty of negligence proximately causing the injury. p. 377.

10. CARRIERS. — *Railroads. — Passengers. — Injuries on Station Grounds.—Care Required of Railroad.*—A carrier owes a passenger who is on the depot platform waiting to take passage on a train only ordinary care not to injure him. p. 377.

11. APPEAL.—*Review.—Instructions.—Prejudicial Error.*—In an action against a railroad company for personal injuries sustained by a passenger in attempting to board a train, where a controlling question in the case was whether defendant had exercised ordinary care, it was reversible error to instruct that defendant owed plaintiff the highest degree of care. p. 378.

From Miami Circuit Court; *Charles A. Cole,* Judge.

Action by Ransford Friend against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*G. E. Ross,* for appellant.

*Frank D. Butler, James C. Blacklidge* and *Wolf & Barnes,* for appellee.

HOTTEL, J.—The complaint on which this action is predicated is in one paragraph, the averments of which are in substance as follows: Appellant is a railroad corporation, and as such, on and prior to April 26, 1913, owned and operated a line of railroad running from the city of Columbus, Ohio, to the city of Logansport, Indiana. Said road passes through the town of Amboy, Indiana, and appellant at said times operated over its road through said town passenger trains on which it carried passengers for hire, among which was a westbound train scheduled to pass through said town about 6 p. m. On April 26, 1913, fifteen or twenty minutes before said train was scheduled to arrive at Amboy, appellee, accompanied by his wife and three children, went to appellant's ticket office at said station, and there purchased and received tickets for himself and the other members of his family, entitling them to passage on said train from Amboy to Bunker Hill, the latter town being a station on appellant's said road between Amboy and Logansport. Appellant's line of road was double-tracked through said town, and said train on which appellee procured said passage was scheduled to pass on the north track of the double track. There was a concrete platform on the north side of said track which appellant had provided for the accommodation of its passengers in alighting from and taking passage on its trains. After purchasing said tickets, and before said train was scheduled to arrive, appellee with his family went upon said platform, and there waited to take passage on said train. On said day the Wallace and Hagenbeck show gave a performance at Marion, Indiana, and large crowds of people who had gone from Amboy and other points to Marion to attend said

VOL. 70—24

show returned on the train on which appellee and his family had procured passage. When the train arrived it was ten or fifteen minutes late, and there was a large number of people attempting to get off. There was a number of coaches, additional to those ordinarily attached to said train, for the purpose of accommodating the extra passengers caused by the attendance at said show. The platform of the car which appellee and his family attempted to get on was crowded, and, on account of the crowds getting off, they had difficulty in reaching the steps. The train officials were hurrying the crowds off and on, so that said train could be started quickly. The appellee's wife and one child attempted to get on the rear end of one of the cars, and were enabled to get on the steps just as the car was starting. The officials and employes of appellant in charge of said train carelessly and negligently failed and neglected to hold it until appellee could safely get upon it, but carelessly and negligently started it before the passengers, and especially appellee, on account of said congested condition of the traffic, could get on. Appellee was unable to get upon the train before it started, although he was immediately behind his wife and child, who did get on. Appellee then picked up his youngest child, a boy about eight years old, holding the said child in his left arm, and attempted to get on the front end of the car, immediately in the rear of the one upon which his wife and child had stepped. The train, as aforesaid, was started negligently and carelessly before he could get on the steps of the car, *"although persons standing near called out to the trainmen, and in their hearing, to wait until the passengers should all get on.* Notwithstanding this, the defendant's em-

ployes and officials, in charge of said train, did *in vio-lation of their duty to plaintiff as aforesaid, negli-gently and carelessly cause the same to pull up,* and plaintiff could not get on the front end of said car, as he attempted to do. Prior to. that time, the defend-ant had carelessly and negligently permitted the steps at the rear end of the same car to become de-fective and broken. * * * Pieces had been broken out of the said steps, so that it was dangerous for passengers to step thereon, the condition of which step plaintiff cannot more particularly describe. * * * The train moved slowly, at the rate of not more than three or four miles per hour, until the rear end of the train came by the plaintiff, when the plain-tiff, in a careful and prudent manner, caught hold of the rails, prepared for that purpose, with his right hand, and stepped upon the steps of the said car. * * * Plaintiff, at that time, thought that his whole family, except the child that he had in his arms, was upon the train, and he knew that he had in his possession, the tickets for all of the family, and that in the hurry of the moment to get on with his family, he acted carefully and prudently, and did so step upon the said step. * * * Because of the said negli-gent and careless movement of the said train by the defendant's employes in violation of their duty to hold said train until plaintiff could safely get upon the same the said train was then jerked and pulled along faster, and the plaintiff's foot was caused to slip through the broken part of said step, and he was thrown to the ground, between the edge of the plat-form and over the rail of the track.'' (*Italics in-serted.*)

A demurrer to the complaint, accompanied by a

proper memorandum, was overruled, and the cause put at issue by a general denial. A trial by jury resulted in a verdict for appellee in the sum of $2,500. A motion for a new trial, and a motion in arrest of judgment, filed by appellant, were each overruled, after which judgment was rendered on said verdict. The errors assigned in this court and relied on for reversal challenge each of the rulings of the trial court above indicated.

Eight objections to the complaint are stated in the memorandum accompanying said demurrer, which appellant has summarized in its "points and authorities" under four subheads in substance as follows: (a) and (b) No facts are alleged in the complaint showing that appellant owed the appellee any specific duty at the time and place and under the circumstances alleged, or, in other words, the averments fail to show that it was appellant's duty to protect appellee from the injury complained of. (c) No facts are alleged showing that the failure to hold the train at the station long enough to give appellee a reasonable time to get aboard was the proximate cause of the injuries for which appellee sues, but, on the contrary, show that the proximate cause of said injuries was his attempt to get on the train while it was in motion, he at the time knowing it was in motion. (d) A complaint predicated on negligence, to be sufficient, must show three things to have co-existed: (1) The existence of a duty to protect the plaintiff from the injury of which he complains; (2) a failure by the defendant to perform such duty; (3) an injury to the plaintiff resulting from such failure of the defendant. It is claimed that these elements are not all shown and brought together under the facts alleged in this complaint.

The last objection, we think, in effect covers the preceding two objections.

Said elements essential to the sufficiency of a complaint based on negligence are sometimes stated, and we think more accurately so, as follows: "(1) 1. The existence of a duty resting on the defendant to exercise care in favor of plaintiff; (2) failure on the part of the defendant to observe such duty; and (3) some injury or damage to the plaintiff resulting proximately from such failure on the part of the defendant." *Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co.* (1915), 57 Ind. App. 644, 656, 104 N. E. 866, 106 N. E. 739.

The averments of the complaint here involved show that the appellee purchased of appellant tickets which entitled him and the members of his family to 2. passage on the train which they afterward attempted to board, and that they then, with an intent to become passengers on said train, went upon appellant's platform where passengers got on and off its trains, to await its arrival. These averments show at least a qualified relation of passenger and carrier between appellant and appellee, which imposed on appellant the duty of using ordinary care to protect appellee from injury while trying to get aboard said train (*Pere Marquette R. Co.* v. *Strange* [1908], 171 Ind. 160, 84 N. E. 819, 85 N. E. 1026, 20 L. R. A. [N. S.] 1041; *Indianapolis, etc., R. Co.* v. *Wall* [1913], 54 Ind. App. 43, 48, 101 N. E. 680), and the 3. averments which we have italicized *supra* are sufficient to show a failure to perform said duty. *Indianapolis, etc., R. Co.* v. *Wall, supra; Tippecanoe Loan, etc., Co.* v. *Cleveland, etc., R. Co., supra,* and cases there cited.

By the authority last cited, it is well settled that a general charge of negligence, that is to say, a charge that "an act was negligently done or negligently omitted is a sufficient charge that the defendant failed to use ordinary care." Said case is well considered, and furnishes a complete answer to appellant's objections to the complaint here involved.

There are no specific averments in the complaint that overcome the general charge of negligence made against appellant, nor are there any specific 4. averments therein showing that appellee was guilty of any negligence contributing to his injuries.

While the general denial tenders the issue of contributory negligence, or rather admits proof of such fact, the complaint is not required to negative 5. it, and such complaint becomes susceptible to demurrer because of its averments. affecting such question only when such averments affirmatively show the plaintiff guilty of such negligence. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 405, 97 N. E. 822.

The last paragraph of the quoted averments of the complaint, *supra,* shows a causal connection between appellee's said injury and appellant's said neg- 6. ligent and careless movement of said train, and its careless and negligent maintenance of said defective and broken step. After describing appellee's said injuries, such complaint contains the further averment that "all of said conditions are the direct result of said negligence and carelessness of defendant." We therefore conclude that the complaint contains averments sufficiently showing all the elements essential to appellee's cause of action.

In support of that ground of its motion for new trial which challenges the sufficiency of the evidence, appellant insists that the undisputed evidence 7. shows that appellee attempted to get on the train after it was in motion, going three or four miles an hour; that he knew that it had started before he attempted to get on; that there is no evidence showing that the appellant's agents had any knowledge that he was attempting to get on the train when they started to move it. Upon the assumption that these facts are undisputed, appellant argues, in effect, that there is no showing that appellant violated any duty it owed to appellee; that while the stopping of said train at said station was an invitation to passengers to get on, such invitation continued during the stop only; that the movement of the train was a notice and warning to everybody, then present intending to get on such train, that the invitation to get on was withdrawn, and that anyone thereafter attempting to get on did so at his own risk, and that, as to such a party, the appellant owed no care in the absence of a showing that its agents in charge of the movement of said train had knowledge of the intent or attempt of such party to get on.

The legal proposition involved in this contention is correct, subject to the condition that the train was stopped a reasonable length of time for the 8. passengers to get on and off, but we are of the opinion that the facts in this case do not show the conditions which warrant the application of said principle. The evidence shows that appellee had purchased tickets which entitled him and his family to passage on said train, and that they then went upon the platform provided by appellant for that purpose, to await

the arrival of said train that they might take passage upon it. The appellant's agents in charge of the movement of said train were chargeable with knowledge of said facts, and hence owed to such passengers the duty of stopping a reasonable length of time for them to get on. *Indianapolis, etc., R. Co.* v. *Wall, supra,* 47, 50; *Lake Erie, etc., R. Co.* v. *Beals* (1912), 50 Ind. App. 450, 98 N. E. 453.

There was also evidence tending to show that there was a crowd at the depot when the train arrived; that there had been a show at a neighboring town; that a good many passengers got off; that there was undue haste on the part of those in charge of the train to start it; and that they did not hold such train a reasonable time under the circumstances for passengers to get off and on; that *someone told the brakeman that he ought to wait until the passengers got on the train;* that appellee with his wife and children made every reasonable effort to get on the train as soon as they could; that appellee's wife and one or more of his children got on; that he thought that they were all on except himself and a small child; that as the wife stepped forward to the steps, the appellee did also; that this was *immediately after the people got off;* that appellee had the tickets for the other members of his family; that about the time his wife and children got on, the train started and he grabbed up the small child in his arms just as the train started, and got hold of the rail with his right hand and stepped on the step, and it "gave way and let him down    *    *    * under the train."

The appellee himself testified in part as follows: "I saw by the appearance that the train was going to start. My wife made for one step, and I grabbed

the boy, going to step on the next pair of steps, there were still people there getting on.'' The train was moving very slowly, about two or three miles an hour. ''I took hold of the handrail with my left hand and stepped on the steps. Q. Did you get your feet on the steps? A. Yes sir. Q. What else? A. It gave way. That caused my hand to slide right down the handrail. Q. What gave way? A. The step that I had my feet on.''

Under this evidence, this court cannot say as a matter of law, either that appellee was guilty of negligently contributing to his injury, or that appellant was not guilty of negligence that was the proximate cause of such injury. *Evansville, etc., R. Co.* v. *Duncan* (1867), 28 Ind. 441, 92 Am. Dec. 322; *Jeffersonville, etc., R. Co.* v. *Hendricks, Admr.* (1872), 41 Ind. 48, 66; *Pennsylvania Co.* v. *Marion* (1890), 123 Ind. 415, 23 N. E. 973, 7 L. R. A. 687, 18 Am. St. 330; *Louisville, etc., R. Co.* v. *Crunk* (1889), 119 Ind. 542, 21 N. E. 31, 12 Am. St. 443; *Indianapolis, etc., R. Co.* v. *Wall, supra,* and cases cited; *Louisville, etc., R. Co.* v. *Bean* (1893), 9 Ind. App. 240, 36 N. E. 443; *Atchison, etc., R. Co.* v. *Holloway* (1905), 71 Kan. 1, 80 Pac. 31, 114 Am. St. 462; *Wooten* v. *Mobile, etc., R. Co.* (1901), 79 Miss. 26, 29 South. 61; *Johnson* v. *West Chester, etc., R. Co.* (1872), 70 Pa. St. 357; 3 Thompson, Negligence §2995.

Appellant next challenges the giving of certain instructions. Number 3, given at appellee's request, is as follows: ''If you should find from the evidence in this case that the plaintiff purchased a ticket entitling him to passage over defendant's railroad, and if you should further find that after purchasing such ticket the plaintiff passed upon

the platform of the defendant for the purpose of taking passage upon the defendant's train, then I charge you that the relation of carrier and passenger existed and that the defendant owed to the plaintiff the duty of exercising the highest degree of care for the plaintiff's safety, and to permit the plaintiff to enter upon the defendant's train in safety.''

This instruction makes the standard care due to a person on the depot platform about to take passage on a train the same as that due one already on the train. Under it appellant was in effect required not only to stop its train a reasonable length of time to allow passengers to get on, but it was also required to see and know that no one was attempting or intending to get on the train before starting it. The law recognizes a distinction between the care due to a passenger on the train and that due to one who is merely on the platform waiting to get on such train. To the former the railroad company owes the highest degree of care, while to the latter it owes ordinary care not to injure him. *Indianapolis, etc., R. Co.* v. *Wall, supra,* 49; *Pere Marquette R. Co.* v. *Strange, supra,* 166, 167, and cases cited.

Under these cases, the instruction given was clearly erroneous.

Appellee, while he insists that the instruction was not erroneous, also insists that, even if erroneous, it was not harmful because the evidence shows 11. that appellant did not exercise ordinary care toward appellee. We cannot agree with this contention. The instruction was pertinent to and influential in the determination of a controlling question in the case. The facts affecting such question were such that the jury might very well have found

in favor of appellee, if such question were to be determined by the tests contained in the instruction, or for the appellant, if the question were to be determined by the correct test, indicated as applicable in the cases *supra.*

The giving of other instructions is challenged, but they are in effect disposed of by what we have already said.

Appellant also challenges the action of. the trial court in refusing certain instructions tendered by it, but, in view of what we have already said, we deem it unnecessary to discuss them.

For the error in giving instruction No. 3, *supra,* the judgment below is reversed, with instructions to the trial court to sustain appellant's motion for a new trial, and for such other proceedings as may be consistent with this opinion.