THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* BLIND.

[No. 23,327. Filed November 23, 1917.]

1. APPEAL.—*Law of the Case.—Subsequent Appeals.*—The principles of law established on a former appeal, so far as applicable, remain the law of the case through all its stages, and must be adhered to on any subsequent appeal, whether right or wrong. p. 630.

2. APPEAL.—*Law of the Case.—Subsequent Appeals.*—All questions reserved for review by an appellate court must be pre-

sented on the first appeal or not at all, as thereafter all questions presented by the record will be considered as finally determined and all such questions not expressly affirmed or reversed will, by implication, be deemed affirmed. p. 630.

3. TRIAL.—*Verdict. — Answers to Interrogatories. — Conflict. —* Answers to interrogatories cannot overthrow the general verdict unless they are in irreconcilable conflict therewith on some material fact. p. 631.

4. CARRIERS.—*Carriage of Live Stock.—Action for Loss.—Verdict.—Special Interrogatories.—Conflict.—Limitation of Liability.*—In an action against a carrier for the value of a horse killed in a wreck, answers to special interrogatories showing that plaintiff shipped a horse under a limited liability contract wherein it was agreed that the horse should be valued at $100, that defendant had two rates, one of limited liability and the other of common-law liability without limitation, that plaintiff had an opportunity to examine the limited liability contract and did not ask for any other rate, and that the unlimited liability rate was fair and reasonable, were not in irreconcilable conflict with a verdict for plaintiff in excess of $100, in the absence of a finding that defendant would have accepted the horse for shipment under the unlimited liability contract, since, under the provisions of §3919 Burns 1914, Acts 1905 p. 58, in order to establish a defense under the limited liability contract, it was necessary for defendant to allege and prove that such contract was fairly entered into by plaintiff after he had been afforded a *bona fide* and full opportunity to ship at a fair and reasonable rate without limitation as to liability, and the answers to the interrogatories do not show that the shipper was given the option of shipping under either contract. pp. 631, 632.

5. TRIAL.—*Verdict.—Answer to Interrogatories.—Presumptions.* —No inferences or intendments are to be indulged in favor of the answers to interrogatories, but every reasonable presumption will be indulged in favor of the general verdict. p. 632.

From Benton Circuit Court; *Burton B. Berry,* Judge.

Action by Charles O. Blind against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate court under §1397 Burns 1914, Acts 1901 p. 565.) *Affirmed.*

*Charles M. Snyder,* for appellant.

*Daniel Fraser* and *Will Isham,* for appellee.

LAIRY, J.—This is an appeal from a judgment in favor of appellee for the value of a horse which appellant undertook to transport for appellee and which was killed in a wreck while in transit. A judgment rendered in a former trial of this case was reversed by this court (*Cleveland, etc., R. Co.* v. *Blind* [1914], 182 Ind. 398, 105 N. E. 483), and a new trial resulted in the judgment from which this appeal is taken.

On the first appeal the court was called upon to determine the constitutionality of an act of the legislature approved February 27, 1905, entitled "An act relative to the liability of common carriers and prescribing the practice and procedure and fixing the burden of proof in certain cases." Acts 1905 p. 58, §§3918-2920 Burns 1914. The constitutionality of the act was challenged as being in conflict with certain provisions of the State Constitution, to wit: §§22 and 23, of Art. 4, and §23 of Art. I, and also being violative of the fourteenth amendment to the federal Constitution. These questions were all decided adversely to appellant on the first appeal, and the court on that appeal also held that the act under consideration was not repealed by the Railroad Commission Act of February 28, 1905. Acts 1905 p. 83, §5531 *et seq.* Burns 1908.

The principles of law established on the former appeal, so far as applicable, remain the law of this case through all of its subsequent stages, and must

1. be adhered to in this court on any subsequent appeal, whether right or wrong. *Lillie* v. *Trentman* (1891), 130 Ind. 16, 17, 29 N. E. 405; *Goldsmith* v. *First Nat. Bank* (1911), 50 Ind. App. 11, 14, 96 N. E. 503.

It is a settled rule in this State that appeals cannot be allowed by piecemeal. There must be an end

2. to them as speedily as the contentions of litigants may be advanced and decided. So it is that all

questions reserved for review by an appellate court must be presented on the first appeal or not at all, for thereafter all questions presented by the record will be considered as finally determined and all such questions not expressly affirmed or reversed will, by implication, be deemed affirmed. *Ohio Valley Trust Co.* v. *Wernke* (1912), 179 Ind. 49, 53, 99 N. E. 734.

This appeal presents but one question for this court's consideration. It is contended that the trial court erred in overruling appellant's motion for judgment in its favor on the answers to the interrogatories notwithstanding the general verdict.

By the general verdict the jury finds in favor of appellee and against appellant on every material fact necessary to sustain it. Answers to interrogatories cannot overthrow the general verdict unless they are in irreconcilable conflict with it on some such material fact.

The answers to the interrogatories show that appellee and others through the agency of Frank Ross shipped three horses together over appellant's railroad under a limited liability live-stock contract wherein it was agreed that each horse should be valued at $100; that at the time of the contract appellant had two rates on such shipments—one of $33 under the contract limiting liability to $100 each animal, and one of $36.30 for a shipment under its common law liability without limitation; that the shipper had an opportunity to examine the limited liability contract under which the shipment was made and that he did not inquire about or ask for any other rate. It is further found by the interrogatories that the rate of $36.30 was fair and reasonable, but such interrogatories do not find that appellant through its agent at the point of shipment would have accepted the horses and shipped

them at the rate of $36.00 under the duties and obligations imposed by the common law and without limitation as to value, if it had been requested so to do. The answers to the interrogatories may be all true and yet the general verdict may stand. No inferences or intendments are to be indulged in favor of the answers to interrogatories, but every reasonable presumption will be indulged in favor of the general verdict. *Chicago, etc., R. Co.* v. *Lawrence* (1907), 169 Ind. 319, 329, 79 N. E. 363, 82 N. E. 768; *City of South Bend* v. *Turner* (1900), 156 Ind. 418, 423, 60 N. E. 271, 54 L. R. A. 396, 83 Am. St. 200.

In the case of *Cleveland, etc., R. Co.* v. *Hollowell* (1909), 172 Ind. 466, 470, 88 N. E. 680, 681, the court said: "It is not necessary, to conclude the owner by the terms of a special contract limiting the liability of the carrier, that he should actually have been offered the option of shipping subject to the terms of such contract or under the carrier's common-law liability. It will be sufficient if it would have been given if the owner had demanded it."

In order to establish a defense under the limited-liability contract, as provided by §3919 Burns 1914, *supra*, it was necessary for appellant to allege and prove facts showing, among other things, that the contract for limited liability was fairly entered into by the shipper after he had been given a *bona fide* and full opportunity to ship at a fair and reasonable rate without limitation as to liability. For the reasons stated the interrogatories do not show that the shipper was given the *bona fide* option of shipping under the carrier's common-law liability or under the contract limiting the value as he might elect.

The court committed no reversible error in overruling appellant's motion for judgment on the answers of

the jury to the interrogatories notwithstanding the general verdict. Judgment affirmed.

NOTE.—Reported in 117 N. E. 641.