WAZNITSKI v. GEORGE B. LIMBERT AND COMPANY.

[No. 9,417. Filed January 11, 1918.]

1. PLEADING.—Sufficiency.—Theory.—The sufficiency of a pleading must be determined by its general tenor and scope, and it must proceed upon a definite theory upon which it must be good. p. 386.

2. MASTER AND SERVANT.—Injuries to Servant.—Action.—Complaint.—Sufficiency.—Statute.—In a servant's action against the master for personal injuries, a complaint alleging that defendant was engaged in the foundry business and employed more than five men, that plaintiff, a laborer, was under orders of a foreman who was experienced in the work and understood the dangers thereof, that plaintiff had constructed a casting in which holes were discovered, and that the foreman ordered him to fill holes with molten metal and when he did so, without any carelessness or negligence on his part, steam generated by the molten metal exploded and injured him, states a cause of action under the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a et seq. Burns 1914). p. 386.

3. PLEADING.—Complaint.—Surplusage.—Unnecessary Allegations.—Where a complaint is sufficient as against demurrer, and there is proof of enough facts alleged to make out a cause of action, other incidental and descriptive facts, or additional acts of negligence, alleged in the complaint, may be ignored and treated as surplusage. p. 386.

4. TRIAL.—Directing Verdict.—Duty of Court.—In passing upon a motion for a peremptory instruction, the court is bound to accept as true all facts which the evidence tends to prove, and to draw, against the party requesting such instruction, all inferences which the jury might reasonably draw, and, in case of conflict in the

evidence, to consider only that favorable to the party against whom the instruction is asked, that favorable to the other party being treated as withdrawn. p. 387.

From Lake Superior Court; *Walter Hardy,* Judge.

Action by Kasimir Waznitski against George B. Limbert and Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Max P. Allaben, D. Economoff, George B. Sheerer* and *L. V. Cravens,* for appellant.

*J. A. Meade* and *R. M. Royce,* for appellee.

IBACH, C. J.—This is an action for personal injuries alleged to have been received by appellant while in the employ of appellee. At the close of plaintiff's evidence, and over his objection and exception at the request of appellee, the court instructed the jury to return a verdict for the defendant, which it did. The only question in this appeal, presented in different forms, is: Did the court err in directing a verdict for the defendant?

This action was prosecuted under the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914.) Before proceeding to a discussion of the main question we deem it advisable to refer briefly to the provisions of said act bearing upon this case. Said act provides that any corporation engaged in business in this state and employing in such business five or more persons shall be liable and respond in damages to any person suffering injury while in the employ of such corporation where such injury resulted in whole or in part from the negligence of such employer, or its agents, servants, employes or officers by reason of any defect, mismanagement or insufficiency, due to its carelessness, neg-

ligence, fault or omission of duty; that in any action prosecuted under its provisions the burden of proving that the injured employe did not use due care and diligence at the time of such injury shall be upon the defendant, but the same may be proved under the general denial; that it shall not be a defense that the dangers or hazards inherent or apparent in the employment in which such employe was engaged contributed to such injury; that no such injured employe shall be held to have been guilty of negligence or contributory negligence, or shall be held to have assumed the risk of the employment, where the injury complained of resulted from such employe's obedience or conformity to any order or direction of the employer or of any employe to whose orders or directions he was under obligation to conform or obey, and such employe shall not be held to have assumed the risk of any defect in the place of work furnished to such employe, or in the tool, implement or appliance furnished him by such employer, where such defect was, prior to such injury, known to such employer, or by the exercise of ordinary care might have been known to him in time to have repaired the same or to have discontinued its use; that the burden of proving that such employer did not know of such defect, or that he was not chargeable with knowledge thereof in time to have repaired the same or to have discontinued its use is upon the defendant, but it may be proved under the general denial; that all questions of assumption of risk, negligence or contributory negligence shall be questions of fact for the jury to decide.

The complaint, eliminating matters of surplusage and matters not material to the question in controversy, alleges in substance the following: **The**

appellee is a corporation engaged in the foundry busi-
ness in this state and employs in such business more
than five men, among them the appellant, who was
on March 3, 1913, employed as a laborer and was
under the orders and directions of a foreman to
whose orders and directions he was bound to con-
form and did conform. Said foreman was experi-
enced and understood the dangers incident to the
employment, which fact was known to appellant.
Appellee had constructed a large casting six feet in
width and thirteen feet in length. After the casting
had been made, some defects, or holes, were discov-
ered in the top near the center which were approxi-
mately three inches in depth. The foreman made an
examination of said holes after they had been pre-
pared for filing, and instructed and directed appel-
lant to take a hand ladle and fill said holes with
molten metal. Pursuant to said instructions and
following out the directions of the foreman and rely-
ing upon his superior knowledge of said conditions
and believing from said instructions that they were
in proper condition to receive said molten metal
appellant, without any carelessness or negligence on
his part, but in a careful, prudent and painstaking
manner, proceeded to and did pour said molten metal
into said holes. On account of the dampness which
had formed in said holes coming in contact with the
molten metal as it was being poured in by appellant
a steam was formed which exploded, throwing the
molten iron upon appellant, thereby injuring him.
All of said injuries were received wholly on account
of the carelessness, fault or negligence of appellee
and its foreman in requiring appellant to pour said
metal into the holes in the top of said casting when

the same was not prepared properly for its reception. Appellant did not know of the formation of the steam or that an explosion would result from the same, had had no experience in that class of molding, and did not know that the casting was not in a proper condition to receive said molten metal, but that the appellee's foreman made an examination of the casting and stated to appellant that the same was in proper condition, and ordered and required appellant to proceed with the work. "Said injuries were received by plaintiff because said molten metal was poured into said holes when it was not in proper condition and the same was done by plaintiff under the specific directions and orders of said foreman which was the proximate cause of said injuries to plaintiff."

The proposition contended for by appellee that the sufficiency of a pleading must be determined by its general tenor and scope, that it must proceed upon a definite theory and must be good on that theory, are too well settled to require any comment. But it is clear to us that the complaint in this action proceeds on a clear and definite theory and states a cause of action. Where a complaint is sufficient as against demurrer and there is proof of enough of the acts alleged to make out a cause of action, other incidental and descriptive facts, or additional acts of negligence, alleged in the complaint, may be ignored and treated as surplusage. *Harding et ux.* v. *Third Presbyterian Church* (1863), 20 Ind. 71; *Evansville Gas, etc., Co.* v. *Robertson* (1913), 55 Ind. App. 353, 358, 100 N. E. 689; *Ochs* v. *M. J. Carnahan Co.* (1908), 42 Ind. App. 157, 76 N. E. 788, 80 N. E. 163; *New York, etc., R. Co.* v. *Callahan* (1907), 40

Ind. App. 223, 81 N. E. 670; *Indiana Match Co.* v. *Kennedy* (1909), 45 Ind. App. 627, 90 N. E. 486; *Mercia* v. *Ft. Wayne, etc., Traction Co.* (1911), 49 Ind. App. 288, 295, 97 N. E. 192.

"Upon a motion for a peremptory instruction the court is bound to accept as true all facts which the evidence tends to prove, and to draw, against 4. the party requesting such instruction, all inferences which the jury might reasonably draw, and, in case of conflict in the evidence, to consider only that favorable to the party against whom the instruction is asked; that favorable to the other party being treated as withdrawn." *Lyons* v. *City of New Albany* (1913), 54 Ind. App. 416, 421, 103 N. E. 20, 23; *Barker* v. *Chicago, etc., R. Co.* (1912), 51 Ind. App. 669, 99 N. E. 135.

If, after eliminating all evidence favorable to appellee, there was any evidence remaining which, with its legitimate inferences, would have been sufficient to support each of the facts essential to a verdict for appellant, if one had been returned in his favor, the trial court should not have sustained such motion.

Without narrating the evidence it is sufficient to say that there was some evidence within the rules above announced tending to support each of the material facts set forth in the complaint, and therefore would have been sufficient to support a verdict for appellant, and it was an invasion of the province of the jury for the trial court to direct a verdict.

For this error the judgment is reversed, with directions to sustain appellant's motion for a new trial.

Note.—Reported in 118 N. E. 317.