GEORGE B. LIMBERT AND COMPANY *v.* WAZNITSKY.

[No. 23,760. Filed December 8, 1921.]

1. APPEAL.—*Questions Reviewable.—Abuse of Discretion,—Failure to Object.*—As a party who complains that the discretion of the trial court was abused is limited on appeal to the objections he presented at the time the ruling was made, appellant's contention that the trial court abused its discretion in granting leave to file an additional paragraph of complaint cannot be reviewed, where the record does not show what objections, if any, were made by appellant at the time the leave was granted. p. 421.

2. APPEAL.—*Presenting Questions for Review.—Recital of Exception in Assignment of Error.*—A mere recital in the assignment of error that appellant excepted to a ruling of the court cannot take the place of an order-book entry to that effect. p. 421.

3. APPEAL. — *Presenting Questions for Reviewing.—Stating Grounds of Objection.*—An objection to a ruling of the trial court is not available on appeal unless the record shows the grounds of objection that were stated in that court at the time such ruling was made. p. 421.

4. APPEAL.—*Law of the Case.—Subsequent Appeals.*—The construction placed on a complaint in a former appeal, which construction was the basis for a judgment of reversal, is binding upon the parties as the law of the case on a subsequent appeal. p. 423.

5. APPEAL.—*Review.—Harmless Error.—Sustaining Demurrer to Answer Pleading Statute of Limitations.*—In an action for personal injuries, an additional paragraph of complaint, added after appeal, in which the original complaint was held sufficient, *held*, to allege the same cause of action as the original complaint, which was filed within two years from the date of the injury, so that error, if any, in sustaining a demurrer to an

answer which alleged that the second paragraph of complaint was barred by the statute of limitations, was harmless.    p. 423.

6. MASTER AND SERVANT.—*Injuries to Servant.—Evidence.—Custom as to Specifically Directing Method of Work.—Competency.*—In an action by a molder for personal injuries caused by an explosion of steam in holes in a casting into which plaintiff was pouring molten metal, where plaintiff's evidence tended to show that defendant's foreman gave specific directions as to each act done by plaintiff and that plaintiff was without experience in such work, *held* that evidence on behalf of defendant that it was not the custom of foremen in charge of molding rooms to issue specific orders and directions to the molders as to the methods to be pursued in doing their work, was incompetent to show that such specific directions were not given.    p. 424.

7. CUSTOMS AND USAGES.—*Actions in Part.—Admissibility of Customs to Prove Specific Acts.*—The effect of customs and usages as evidences in actions sounding in tort is very limited, and does not extend to proving or disproving the commission of a specific act by evidence of a custom relating thereto.    p. 425.

8. DAMAGES.—*Excessive Damages.—Personal Injuries.*—In an action for injuries to an iron molder thirty-six years old, earning $3.50 a day, caused by an explosion of molten iron which severely burned him and so injured his eyes that he was unable to resume employment at his trade, a verdict for $6,878 damages *held* not excessive.    p. 425.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Kasimir Waznitsky against George B. Limbert and Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*A. P. Twyman* and *R. M. Royce,* for appellant.

*Ibach, Gavit & Stinson* and *C. B. Tinkham,* for appellee.

EWBANK, C. J.—This was an action by the appellee against the appellant to recover damages for personal injuries sustained while at work as a molder in appellant's foundry.   On a former trial the court directed a verdict in favor of the defendant (this appellant) which was reversed on appeal.   *Waznitsky* v. *George B. Limbert & Co.* (1918), 66 Ind. App. 382, 118 N. E. 317.

George B. Limbert & Co. *v.* Waznitsky—191 Ind. 419.

The alleged injuries were sustained March 3, 1913, the original complaint in this action was filed July 22, 1913, and the amended complaint, on which the case was first tried and which remains in the record as the first paragraph of the complaint was filed February 8, 1915. After the reversal of the first judgment the appellee, under leave of court, filed an "additional and second paragraph" of complaint. Appellant insists that in permitting it to be filed the trial court abused its discretion. It does not appear from anything in the record what counsel for the appellant said or did in the way of objecting when this "second paragraph" was filed, and the statement of the record in appellant's brief does not show that it reserved an exception at the time. A mere recital in the assignment of errors that appellant excepted cannot take the place of an order-book entry to that effect. *Burck* v. *Davis* (1905), 35 Ind. App. 648, 655, 73 N. E. 192; *Pottlitzer* v. *Citizens Trust Co.* (1915), 60 Ind. App. 45, 60, 108 N. E. 36; Ewbank's Manual (2d ed.) §137. Neither is an objection to what the trial court did in such a matter available unless the record shows the grounds of objection that were stated in that court at the time it made its ruling. A party who complains that the discretion of the trial court was abused is limited, on appeal, to the objections which he presented to the court at the time it made the ruling complained of. Therefore no question is presented as to the alleged error in overruling appellant's objections to the filing of the additional and second paragraph of complaint.

Appellant filed an answer of general denial, and also a paragraph of answer stating: "That the cause of action sued upon, in plaintiff's second paragraph of complaint did not accrue within two years before the bringing of plaintiff's said action."

A demurrer to this paragraph of answer was sustained and appellant excepted. But since it appears by the uncontradicted evidence of all the witnesses examined by both parties, testifying in relation to the issues joined on other pleadings, that whatever cause of action the appellee may have had was one which accrued when he was injured on March 3, 1913, any error in sustaining the demurrer must be treated as harmless unless filing the second paragraph of complaint on September 22, 1918, amounted to beginning a new action, not commenced within two years after the injury was received.

The amended complaint in one paragraph, filed less than two years after the alleged cause of action accrued, received a construction on the former appeal. The Appellate Court then held that "eliminating matters of surplusage," said amended complaint charged that on March 3, 1913, appellee was in the employ of appellant and was working for it under circumstances to which the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) applied, and that while so employed and so working he was instructed by his foreman, to whose orders he was bound to conform and did conform, and who understood the danger involved, which was unknown to the appellee, to take a hand ladle and fill with melted iron some holes in a casting which had been examined by the foreman, and that he followed such instructions, relying on the superior knowledge of the foreman and believing therefrom that the holes were in proper condition to receive the molten metal, and in the exercise of due care poured the metal into the holes, when dampness therein caused an explosion by which he was injured wholly by reason of the negligence of appellant and its foreman in requiring him to pour such metal into the holes when they had not been properly prepared for its reception. *Waznitsky* v. *George B. Limbert & Co., supra.*

The construction thus given to the amended complaint was the basis for a judgment of reversal in the case cited, and is therefore binding upon the parties 4. as the law of the case in a subsequent appeal. *Cleveland, etc., R. Co.* v. *Blind* (1917), 186 Ind. 628, 630, 117 N. E. 641.

The "additional and second paragraph of complaint," filed after the case was reversed on the first appeal, was obviously drawn in an attempt to "eliminate mat- 5. ters of surplusage," and to state more clearly and concisely those facts which the Appellate Court had said were alleged as the basis of the cause of action stated in the amended complaint, previously filed. It alleges that appellee sustained the same injuries on the same date by the explosion of molten metal at the same place from the same cause, when poured by him into the same holes in the casting under the same circumstances, in obedience to a specific order of his foreman, after the foreman had examined the holes. It differs from the "amended complaint" previously filed only in alleging that in connection with the examination by the foreman of the holes in the casting before he ordered appellee to pour in the molten iron he also gave to appellee an order, which appellee obeyed, to place some hot metal plates over the holes to dry them, and left the plates there twenty minutes before he ordered appellee to pour in the metal, as to which alleged facts the "amended complaint" said nothing. Obviously the "additional and second paragraph of complaint" does not count upon a new and different cause of action, but is merely a restatement of the facts constituting the alleged cause of action originally sued for within the time allowed for bringing suit. Whatever error was committed in sustaining the demurrer to appellant's second paragraph of answer is shown by the record to have been harmless.

Appellant duly filed a motion for a new trial, and reserved an exception to the order overruling it, and has assigned that ruling as error. Under this assignment it insists that the trial court erred in excluding evidence that at the time of the alleged injury it was the custom for foremen in charge of molding rooms in foundries to give only general orders, and not to give specific orders and directions to the molders working under them as to the methods to be pursued in doing their work. No issue was presented as to the construction of a contract in the light of the custom sought to be proved, nor was there anything with relation to any contract before the court. The action was for damages for a tort. There was no controversy as to appellee having been injured while working as an employe of appellant in its foundry, by the explosion of steam in some holes in a casting into which appellee was pouring molten metal from a hand ladle. All the witnesses testified to those facts. Except as to the amount of damages in case there should be a recovery, there were no facts in controversy except those relating to the question whether appellee was an experienced molder in making such casting, and whether appellant's foreman caused the hole in the casting to be prepared under specific directions from him as what should be done, and then examined it and gave a specific direction to appellee to pour the hot metal into it, under circumstances exonerating appellee from the charge of contributory negligence. Appellee and another workman testified that the foreman did give specific directions as to each act done by appellee, and that appellee had never before made a large, thick casting, in which there were holes to be filled with melted iron. The foreman and one of the proprietors testified that no specific directions were given, but that appellee had represented himself to be an experienced molder, and was

left to choose his own method of filling the hole. Evidence of the supposed custom was offered to raise and support an inference that at the time in question the foreman did not do and say what appellee's witnesses testified he did. Clearly, it was not competent for that purpose. There is no such probability that a foreman directing a workman under the particular circumstances of this case would follow a general custom of foremen not to issue any specific orders, as to give probative force to evidence of such a custom as tending to establish that appellant's foreman gave no specific orders for the treatment of the casting in question. The effect of usages and customs as evidence in cases of torts is very limited, and does not extend to proving or disproving the commission of a specific act by evidence of a custom to do or not to do it. 27 R. C. L. 193, §37.

7.

Appellant complains of the exclusion of certain impeaching evidence as to what was said in the law office of counsel for the appellant by one of appellee's witnesses, a Hungarian laborer who talked quite brokenly, on the Sunday evening before the beginning of the trial on Tuesday. But in view of all the circumstances we do not think its exclusion was reversible error, nor do we feel justified in setting out in this opinion the facts in relation thereto.

The verdict was for $6,878 damages. Appellant insists that the damages are excessive. There was evidence that before the injury appellee's sight was good; that the explosion so injured his right eye that pus formed and the eye had to be removed by an operation, and so burned his left eye and the lower part of it and the lid that appellee could not see anything with it for four weeks; that at the time of the last trial, six and a half years after the injury, the lid "kind of grows to the eye," and appellee "can't use

8.

my eye so I could work it up and down as usual and it interferes a great deal;" that he "just sees like a mist, like through a mist;" that he can see 200 feet or a little· more with his left eye, but it is just like a mist or a sheet was before it; that he can see to drive his automobile—he drives slow and can see 200 feet; that he has to go "very often" to have his glasses changed, and every month to the doctor in Chicago who operated on his eyes to have his left eye treated; that the exploding metal also burned the side of his head, and his breast; that he was confined in the hospital four weeks at one time and two weeks at another time and suffered much pain; that at the time of his injury appellee was thirty-six years old, and was earning $3.50 per day as a molder, and that at the time of the last trial he was keeping a store for the sale of candy, tobacco and pop.· We cannot say from a consideration of this evidence that the damages were excessive.

The judgment is affirmed.

Myers, J., absent.