## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY v. FRIEND.

[No. 23,877. Filed February 26, 1924. Rehearing denied May 13, 1924.]

1. APPEAL.—*Former Appeal.—Decision is Law of Case.*—Where there has been a former appeal, the law as declared on such appeal is the law of the case, and must be followed in all subsequent appeals, even if its correctness is doubtful. p. 582.

2. CARRIERS.—*Negligence in Getting on Train.—Contributory Negligence.*—In an action for injuries sustained by plaintiff while getting on defendant's train, caused partly, at least, by a broken car step, evidence that plaintiff's wife and children were on said train without tickets, and that the defendant started it without giving the plaintiff time to get aboard, with

knowledge that not all the passengers were on, and that he stepped on after the train had started, but before it had attained a speed of more than three miles an hour, *held* not to show plaintiff guilty of contributory negligence as a matter of law.   p. 583.

3.   EVIDENCE.— *Contributory Negligence.— Burden of Proof.*— In an action for personal injuries, the defendant has the burden of proof to establish contributory negligence, and the question whether the defendant has established such negligence is for the jury.   p. 583.

4.   DAMAGES.—*Personal Injuries.—Not Excessive.*—Damages of $8,500 *held* not excessive for personal injuries sustained by plaintiff while attempting to get on a train which was started before he had time to get on, where he fell underneath the trucks of the cars, which, in passing over him, repeatedly struck and bruised him, turned him somersaults, and left him lying outside the rail, unconscious and bleeding from his nose and ears and from cuts in his face and two big gashes in his head, which cuts had to be sewed up, his left ear was almost cut off, and his eyes were crossed, one side of his face was paralyzed, and he was unable to talk plainly at the time of the trial, seven years after the accident.   p. 583.

5.   DAMAGES.—*Personal Injuries.—Damages Awarded.—Verdict at Former Trial.*—In an action for personal injuries, a verdict at a former trial which the defendant procured to be set aside because of error in instructions can have no influence in determining whether the damages awarded at the last trial were excessive.   p. 584.

6.   TRIAL.—*General Verdict.—Answers to Interrogatories.—Motion for Judgment on.*—Answers to interrogatories that are not necessarily inconsistent with a general verdict for the plaintiff do not control the verdict, and, in such case, overruling defendant's motion for judgment on the answers to interrogatories is not error.   p. 584.

7.   PLEADING.—*Complaint.—Sufficiency.—Law of Case.*—Where a complaint was held sufficient on a former appeal, no error was committed in overruling a motion in arrest of judgment because of the insufficiency of the complaint.   p. 584.

8.   APPEAL.—*Reversal by Unsatisfactory Opinion.—Procedure.*— An appellant who is dissatisfied with the opinion of the Appellate Court in reversing a judgment may petition for the modification of its opinion, and, on the overruling of such petition, may then petition the Supreme Court to transfer the appeal.   p. 585.

9.   CARRIERS.—*Railroads.—Refusal to Carry Passengers.—Liability.—Statute.*—A railroad corporation that refuses to take and

transport any passenger properly offering himself as such is made liable by statute (§§3925, 3926 R. S. 1881, §§5271, 5314 Burns 1914) for all damages caused by the refusal. p. 585.

From Miami Circuit Court; *Charles A. Cole,* Judge.

Action by Ransford Friend against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*G. E. Ross,* for appellant.

*Frank D. Butler, Conrad Wolf, Earl B. Barnes, C. W. Roll* and *George B. Shenk,* for appellee.

EWBANK, C. J.—In a former appeal of this case, the complaint was held sufficient. *Pittsburgh, etc., R. Co.* v. *Friend* (1918), 70 Ind. App. 366, 118 N. E. 598. It alleged, among other things, that on April 26, 1913, a menagerie and circus had exhibited at Marion, Indiana, and, in the evening, large crowds of people returned on defendant's (appellant's) train from Marion to their homes at Amboy and other way stations along defendant's line of railroad west of Marion; that additional coaches, in excess of the number ordinarily attached to the train, had been added to it to accommodate the crowds; that the train reached Amboy fifteen minutes late, and a large number of passengers attempted to get off there, and so crowded the platform of the car where plaintiff (appellee) and his wife and children were standing and where they attempted to get on that they had difficulty in reaching the car steps; that plaintiff with his wife and three children had gone to the station before the train arrived, and he had purchased tickets for all of them from Amboy to Bunker Hill, a station farther west on defendant's railroad, and had all the tickets in his possession; that the train was scheduled to stop at Amboy to take on passengers, and when it stopped, plaintiff and his family were waiting on the

station platform at the north side of the railroad track, and tried to get upon the car steps; that train officials were hurrying the crowds off and on, and negligently failed to hold the train until plaintiff might get on, but negligently started it before he had time to get aboard, by reason of the congested condition of the traffic; that his wife and one child did get on and he was immediately behind them trying to get on, but the train was started, although the trainmen knew that not all of the passengers were on; that plaintiff picked up his eight year old son with his left arm, and as the car moved slowly past him at the rate of not more than three miles an hour, caught hold with his right hand of the rail provided for that purpose and stepped upon the car step; that he believed all of his family were on the train except the child in his arms and knew that he had all the tickets for them; that pieces had been broken out of the car steps and defendant had negligently permitted them to become broken and defective so that it was dangerous for passengers to step thereon, and by reason of the negligent starting of the train without time for plaintiff to get on, plaintiff's foot was caused to slip through the broken part of the step, and he was thrown to the ground between the train and platform, and was badly injured; and that all of said conditions were the direct result of defendant's said negligence.

There was evidence fairly tending to prove the facts thus alleged, and, under the law as declared on the former appeal, such evidence is sufficient to sustain

1. the verdict in favor of plaintiff. That decision is the law of this case, and must be followed on a second appeal, even if its correctness were in doubt. *Cleveland, etc., R. Co.* v. *Blind* (1917), 186 Ind. 628, 630, 117 N. E. 641; *Southern R. Co.* v. *Clift* (1921), 190 Ind. 536, 131 N. E. 4; *George B. Limbert & Co.* v. *Waznitsky* (1921), 191 Ind. 419, 133 N. E. 128.

But if the question were still an open one in the case under consideration, upon the evidence that plaintiff's wife and children were on the train, without tick-

**2, 3.** ets, that the company negligently started it without giving him time to get aboard, with knowledge that not all of the passengers were on, and that he stepped on after the train had started but before it had attained a greater speed than three miles an hour, the court could not declare, as matter of law, that this was such contributory negligence as would bar a recovery for injuries sustained by falling from the broken step. The defendant had the burden of proof to establish contributory negligence, and the question whether or not it had done so was for the jury. §362 Burns 1914, Acts 1899 p. 58, §1; *Lake Erie, etc., R. Co.* v. *McFarren* (1919), 188 Ind. 113, 117, 122 N. E. 330.

The verdict was for $8,500, for which sum, judgment was rendered, and appellant insists that the damages are excessive. There was evidence that plain-

**4.** tiff fell under the car beside the rail, and that, when the trucks passed over him, one after another, they would "catch him in the seat of the pants and turn him a somerset", and would "hit him again and turn him two or three somersets in there"; that he was left lying between the outside rail and the curb, unconscious and bleeding from his nose and ears and from cuts in his face and two big gashes in his head, and that his left ear "was almost cut off", and these cuts had to be sewed up; that he moaned and cried out, but did not recover consciousness for three days; that when he recovered consciousness, the left side of his face was paralyzed and "entirely useless"; that he could not use his left eyelid, and "the left eye looked up", and he could not control it, so that his eyes were crossed, and he could not see well; that it was four or five weeks before he got outdoors, and then he had to use a crutch

or cane; that he could not do any work for almost or quite a year; that the left corner of his mouth was drawn around, and "his tongue was thick", and he could not talk plain, even at the time of the last trial, seven years after he was injured; and that he had been normal in all these particulars before the injury. This evidence is sufficient to sustain a verdict for the amount of damages awarded.

Appellant procured the verdict returned at the first trial to be set aside as erroneous, and that verdict can have no influence in determining whether or not

5. a verdict returned when the cause afterward was tried without the commission of error is for the proper sum.

What has been said disposes of appellant's objections to the instructions given, and to the court's refusal to give those asked.

Answers to interrogatories returned by the jury with their verdict found that plaintiff was injured while attempting to get upon a moving passenger train

6. that was actually in motion and running at the rate of three miles an hour when he took hold of the hand-rail and put his foot upon the step of the car. As we have seen, the facts thus found were not necessarily inconsistent with plaintiff's right to recover. No error was committed in overruling appellant's motion for judgment in its favor on the answers to interrogatories.

The complaint being sufficient under the law of this case as declared in deciding the former appeal, no error was committed in overruling a motion in arrest

7. of judgment, based on its alleged insufficiency.

The judgment is affirmed.

ON PETITION FOR REHEARING.

EWBANK, C. J.—Appellant insists that the decision of the Appellate Court on a former appeal (70 Ind. App. 336) is not "the law of the case", and assigns as a reason the alleged impossibility for the appellant, after having obtained a reversal of the first judgment by its appeal to the Appellate Court, to bring the opinion of that court before the Supreme Court for review. But it has been decided that an appellant dissatisfied with the declaration of the law by the Appellate Court in reversing a judgment may petition for the modification of its opinion, and, upon the overruling of such petition, may then petition the Supreme Court to transfer the cause. *United States Cement Co.* v. *Cooper* (1909), 172 Ind. 599, 602, 88 N. E. 69; Ewbank's Manual (2d ed.) §247a.

Every railroad corporation is required by the statute under which it is incorporated and operates as a common carrier to start and run its cars for the transportation of passengers at regular times, to be fixed by public notice, and to furnish sufficient accommodation for the transportation of all such passengers as shall, within a reasonable time previous thereto, offer or be offered for transportation at the place of starting, and at stopping places established for receiving and discharging way-passengers; and to take, transport and discharge such passengers at, from and to such places, upon payment of fares therefor; and in case of its refusal so to take and transport any passenger, such corporation is liable to the party aggrieved for all damages caused by the refusal. §§5271, 5314 Burns 1914, §§3925, 3926 R. S. 1881.

Appellant's petition for a rehearing is overruled.