CATHERWOOD ET AL. *v.* MORGAN, ADMINISTRATOR, ET AL.

[No. 15,114. Filed February 14, 1934. Rehearing denied May 18, 1934. Transfer denied November 1, 1934.]

*Otto Gresham,* for appellants.

*Dyer & Dyer* and *Fraser & Isham,* for appellees.

WOOD, C. J.—From an examination of our records, we find that upon July 6, 1927, the transcript and assignment of errors in cause No. 13082, entitled *Wilbur F. Morgan, Admr.* v. *Robert Catherwood et al.,* being an appeal from a judgment of the Benton Circuit Court was filed in this court. The only question for consideration presented by the appellant in that appeal, who is one of the appellees in this appeal, was based upon the present appellees' exceptions to the lower court's conclusions of law rendered upon a special finding of facts. There was no question raised upon the pleadings by demurrer or otherwise. There was no motion for a new trial, and the evidence was not in the record. After the filing of said cause No. 13082 in this court, the following, among other proceedings, were had therein: August 29, 1929, the cause was reversed with instructions to restate the conclusions of law in harmony with the opinion of this court, and to render judgment ac-

cordingly. *Morgan, Admr.* v. *Catherwood* (1932), 95 Ind. App. 266, 167 N. E. 618. October 25, 1929, the appellees (appellants here) filed a motion to modify the judgment and mandate of this court. On the same day they filed a petition for rehearing. January 17, 1930, the motion to modify the judgment and mandate of this court was overruled and the petition for rehearing denied; February 13, 1930, appellees (appellants here) filed a petition for a transfer of cause No. 13082 to the Supreme Court; December 8, 1932, this petition was denied, and the clerk of the court in due time certified the cause to the Benton Circuit Court for further proceedings in compliance with the judgment and mandate of this court, pronounced August 29, 1929.

June 23, 1933, the Benton Circuit Court restated its conclusions of law, and rendered judgment thereon in harmony with the judgment and mandate of this court in said cause No. 13082.

From this judgment the appellants in this case, who were appellees in cause No. 13082, appeal to this court, assigning thirty-two alleged errors for reversal, all of which are summarized by counsel for appellants in their brief on the merits of this cause in the following language: "(1) The action of this Court in entering its judgment of the 29th day of August, 1929, reversing the judgment of the Circuit Court of Benton County of June 9, 1927, and remanding the case for a judgment in accordance with its opinion. (2) The action of the court below in setting aside the judgment or decree of the Benton Court of June 9, 1927, and in entering its judgment or decree in favor of the plaintiffs and cross-complainants." All other alleged errors are waived.

The appellees have filed a motion to dismiss this appeal, upon the theory, briefly stated, that the appellants

have already had their day in court in cause No. 13082, and are now endeavoring by this appeal, to obtain by indirection, what would amount to a rehearing in said cause No. 13082, for the purpose of nullifying the original opinion and judgment of this court in that cause and affirming the first and original judgment of the Benton Circuit Court.

Appellee's position is well taken. Appellants first error relied upon for reversal as set out in their brief presents no question to this court for its consideration. The record in cause No. 13082 discloses, that the appellants, as appellees in that cause, resorted to various methods of procedure, recognized by our code to sustain the original judgment of the Benton Circuit Court but without avail to them. The questions which they now seek to present by their first error assigned for reversal were fully disposed of in cause No. 13082. No authority is cited supporting the procedure which they seek to invoke. We have been unable to discover any.

Nor do appellants present any questions for consideration by the second error set out in their brief and relied upon for reversal. Appellants have failed to cite any authority in support of this alleged error. We do not find any. In fact, this alleged error and the record show that the Circuit Court was only carrying out and giving effect to the judgment and mandate of this court in cause No. 13082.

That was the only thing the Benton Circuit Court could do. This court in cause No. 13082 stated the law of the case as applied to the questions presented for consideration in that appeal, and as thus stated, it was binding upon all parties in all subsequent proceedings. *Alerding et al.* v. *Allison* (1908), 170 Ind. 252, 83 N. E. 1006, 127 Am. St. R. 363; *Pittsburgh, etc., Ry. Co.* v. *Friend* (1924), 194 Ind. 579, 142 N. E. 709, 143 N. E. 879; *Hunter* v. *Cleveland, etc., Ry.*

*Co.* (1930), 202 Ind. 328, 174 N. E. 287; *Gwinn* v. *Hobbs* (1925), 83 Ind. App. 263, 141 N. E. 812; *Mertz* v. *Wallace* (1931), 93 Ind. App. 289, 169 N. E. 333, are a few of the many cases in this state in which the above rule has been adopted and followed.

Appellants having failed to present any available error for consideration, the appeal is dismissed.